# OIn the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: February 27, 2020

```
* * * * * * * * * * * * *
LAWRENCE CELIC, as personal          *
Representative of the estate of      *
JUDITH CELIC, deceased,              *        No. 17-139V
                                     *        Special Master Horner
             Petitioner,             *
                                     *
v.                                   *
                                     *
SECRETARY OF HEALTH                  *        Attorneys' Fees and Costs
AND HUMAN SERVICES,                  *
                                     *
             Respondent.             *
* * * * * * * * * * * * *
```

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.
Traci R. Patton, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 1, 2017, Judith Celic filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Following Ms. Celic's death, the caption was amended to reflect Lawrence Celic, acting as the personal representative of Ms. Celic's estate, as the petitioner. The petition alleged that Ms. Celic suffered from Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") that was caused by her receipt of the influenza ("flu") vaccine on October 16, 2014. Pet. at ¶ 1. Petitioner further alleged that Ms. Celic experienced the residual effects of this injury that led to her death on May 26, 2018. On May 10, 2019, the parties filed a Stipulation for Award, which the previously assigned special

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

master adopted as her Decision awarding compensation on May 13, 2019. Decision, ECF No. 54.[3]

On October 1, 2019, petitioner filed an application for attorneys' fees and costs. ECF No. 60 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $57,665.92 (representing $49,244.90 in fees and $8,421.02 in costs). Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that he has personally incurred costs of $2,351.61 related to the prosecution of his petition. ECF No. 61. Respondent responded to the motion on October 8, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requests that I exercise my discretion and determine a reasonable award for attorneys' fees and costs. Resp. at 2–3 (ECF No. 62). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the

---

[3] On June 6, 2019, the instant case was reassigned to me for resolution of attorneys' fees and costs.

Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[4]

I have reviewed the rates requested by petitioner for the work of his counsel at Conway, Homer, P.C. (the billing records indicate that the majority of attorney work was performed by Mr. Joseph Pepper, with supporting work provided by Ms. Christina Ciampolillo, Ms. Lauren Faga, Ms. Meredith Daniels, and Mr. Ronald Homer). The rates sought herein for these individuals are consistent with what they have previously been awarded for their Vaccine Program work and are reasonable for work performed in the instant case as well.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, I find the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and, upon review, the undersigned does not find any of the billing entries to be unreasonable. Respondent also did not indicate that he

---

[4] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

finds any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of **$49,244.90**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $8,421.02 in attorneys' costs. This amount comprises the cost of obtaining medical records, postage, the Court's filing fee, travel to meet with petitioner, and work performed by petitioner's life care planner. Petitioner has provided adequate documentation supporting the requested costs and all appear reasonable in my experience. Petitioner is thus entitled to the full amount of attorneys' costs sought.

### d. Petitioner's Costs

Pursuant to General Order No. 9, petitioner warrants that he has personally incurred $2,351.61 in costs related to this litigation. This amount is comprised of work performed by petitioner's estate counsel and postage. Petitioner has provided adequate documentation to support these costs and they appear to be reasonable in my experience. Accordingly, petitioner is entitled to the full amount of petitioner's costs sought.

## II. Conclusion

Based on all the above, I find that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $49,244.90 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$49,244.90** |
| | |
| Attorneys' Costs Requested | $8,421.02 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$8,421.02** |
| | |
| **Total Attorneys' Fees and Costs** | **$57,665.92** |
| | |
| **Petitioner's Costs** | **$2,351.61** |
| | |
| **Total Amount Awarded** | **$60,017.53** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. **Accordingly, I award the following:**

1) **a lump sum in the amount of $57,665.92, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. Ronald Homer; and**

2) **a lump sum in the amount of $2,351.61, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

    **IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).